# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARLAND ATWOOD II,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and U.S. PROBATION,<br><br>Defendants. | Case No.: 17cv1315-MMA (BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B);**<br><br>[Doc. No. 1]<br><br>**DENYING AS MOOT MOTION TO APPOINT COUNSEL;**<br><br>[Doc. No. 3]<br><br>**AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Doc. No. 4] |

Plaintiff David Garland Atwood II ("Plaintiff"), proceeding *pro se*, has filed a Complaint against the United States of America and the U.S. Probation Office (collectively "Defendants"), together with a request to proceed *in forma pauperis* ("IFP"), a motion to appoint counsel, and a motion for a temporary restraining order. *See* Doc. Nos. 1, 2, 3, 4.

## MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Based on the information provided by Plaintiff, pursuant to 28 U.S.C. § 1915(a), the Court **GRANTS** Plaintiff's IFP motion, solely for the purpose of *sua sponte* screening Plaintiff's Complaint.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### 1. Legal Standard

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id*.

In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of the plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

The Court is not only allowed to, but is required to screen IFP complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *Ogunniyi v. Sw. Reg'l Maint. Ctr.*, No. 14CV2904 BEN (NLS), 2015 WL 10857499, at *1 (S.D. Cal. Apr. 30, 2015) ("The *sua sponte* screening is mandatory."). "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 36162 (9th Cir. 1981).

**2. Plaintiff's Allegations**

Plaintiff asserts he is on federal supervised release in Mississippi. Complaint at 2. Plaintiff suffers from a medical disorder that "the doctors in Mississippi are unable to treat." *Id.* Plaintiff claims he needs specialized medical treatment in San Diego at Scripps Hospital, and that without such medical treatment he is "at risk of losing [his] legs to amputation and being permanently disabled." *Id.* Plaintiff alleges the U.S. Probation Office in San Diego, through Officer Paula Burke, denied his request to come

to San Diego for emergency medical treatment. *Id.* As such, Plaintiff requests the Court grant injunctive relief ordering the U.S. Probation Office in San Diego to accept supervision of Plaintiff in order for him to obtain medical treatment. *Id.* at 3. In the alternative, Plaintiff requests compensatory, nominal and punitive damages in the amount of $5,000,000.00. *See id.*

3. Discussion

Here, after thoroughly reviewing Plaintiff's Complaint, the Court concludes that Plaintiff fails to state a plausible claim upon which relief could be granted. Because it appears that Plaintiff is alleging a violation of his rights by federal actors, the Court construes this matter as arising under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S, 388 (1971). *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). Although a plaintiff may seek compensatory damages against a federal official in his or her individual capacity, a plaintiff cannot obtain injunctive relief against federal officials sued in their official capacities because such an action is barred by the United States' sovereign immunity. *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated; and (2) that the violation was committed by a federal actor. *See id.*; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). However, a plaintiff cannot maintain a *Bivens* action against the United States, its agencies, or its federal employees acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995).

Plaintiff's attempt to assert a *Bivens* action fails because he names only the United

States of America and the U.S. Probation Office as defendants. Thus, based on Plaintiff's current allegations, the defendants named in this action are necessarily sued in their official capacities, and a *Bivens* action cannot be maintained. *Vaccaro*, 81 F.3d at 857.

While Plaintiff could be given an opportunity to amend his allegations to potentially name individual federal employees, Plaintiff's claim is also barred on procedural grounds. In *Heck*, which involved an action against state actors pursuant to 42 U.S.C. § 1983, the Supreme Court held that when a plaintiff brings a § 1983 lawsuit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" 512 U.S. at 487. If so, "the complaint *must be dismissed* unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* (emphasis added). While *Heck* involved a claim under § 1983, and Plaintiff here potentially alleges claims under *Bivens*, "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). As such, "the rationale of *Heck* applies to *Bivens* actions." *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

In his Complaint, Plaintiff claims he is "on federal supervised release in Mississippi." Complaint at 2. The Court may take judicial notice of matters of public record, including proceedings or documents filed in state or federal courts. *See* Fed. R. Evid. 201(b); *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995). The record in Plaintiff's criminal case in the Southern District of Mississippi (case number 5:04cr0017-HTW-FKB) establishes that he pleaded guilty to Counts 2 and 8 of the Indictment charging a violation of 18 U.S.C. §§ 1343, 2422(b), fraud by wire and use of a facility in interstate commerce to induce a minor to engage in sexual activity. Plaintiff completed his original term of imprisonment, and was released under the supervision of United States Probation for an original term of five (5) years. After violating the conditions of his supervised release twice, the court's most recent revocation judgment specified a life term of supervised release. As a standard condition of Plaintiff's supervised release, the

revocation judgment requires that "the defendant shall not leave the judicial district without permission of the court or probation officer[.]" *United States v. Atwood*, 5:04cr0017-HTW-FKB, Doc. No. 120 at 4. While Plaintiff asserts the U.S. Probation Office in Mississippi approved his request to travel to San Diego to obtain medical treatment, he also admits the U.S. Probation Office in San Diego denied his request. *See* Complaint at 2. Thus, Plaintiff himself concedes that he has not obtained the necessary permission from the court or his probation officer to travel outside of the Southern District of Mississippi in order to seek medical treatment in San Diego.

Plaintiff's allegations in this action necessarily imply that the condition of his supervised release which requires him to remain in the Southern District of Mississippi is improper. If the Court were to find that Plaintiff's inability to obtain medical treatment in San Diego violates his rights, such a finding would invalidate that condition of his supervised release, and in turn, the revocation judgment and sentence. Furthermore, Plaintiff cannot demonstrate that he has already invalidated the applicable condition of his supervised release as required by *Heck*. The Fifth Circuit Court of Appeals affirmed the revocation judgment and sentence on September 9, 2014. The Supreme Court denied Plaintiff's petition for review on June 29, 2015. Thus, the revocation judgment is final and Plaintiff's claim is procedurally barred.

Accordingly, the Court *sua sponte* **DISMISSES** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff also moves for a temporary restraining order ("TRO") and a preliminary injunction to allow him to move to San Diego to "obtain medically mandated emergency medical treatment and surgery[.]" Doc. No. 4 at 1. In federal court, a TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240

F.3d 832, 839 n.7 (9th Cir. 2001). The moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

For the reasons set forth above, Plaintiff has not met his burden of demonstrating that he is likely to succeed on the merits of this action. Accordingly, the Court **DENIES** Plaintiff's motion for a TRO and preliminary injunction.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** Plaintiff's Complaint **without leave to amend, DENIES AS MOOT** Plaintiff's motion to appoint counsel, and **DENIES** Plaintiff's motion for a TRO and preliminary injunction.

**IT IS SO ORDERED.**

Dated: June 30, 2017

HON. MICHAEL M. ANELLO
United States District Judge