# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARLAND ATWOOD II, AKA DAVID SMITH<br><br>Plaintiff,<br><br>v.<br><br>OFFICER PAULA BURKE,<br><br>Defendant. | Case No.: 17cv1315-MMA (BLM)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(D) AND FEDERAL RULE OF CIVIL PROCEDURE 4(C)(3)** |

Plaintiff David Garland Atwood II, AKA David Smith ("Plaintiff"), proceeding *pro se* and *in forma pauperis* ("IFP"), is currently incarcerated at United States Penitentiary Tucson.[1] The Court previously dismissed Plaintiff's original complaint *sua sponte* without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Doc. No. 5. Plaintiff appealed, and the United States Court of Appeals for the Ninth Circuit affirmed in part, reversed in part, and remanded the action. *See* Doc. Nos. 7, 17. On October 16, 2018, the Court issued an order spreading the mandate. *See* Doc. No. 16.

Plaintiff has now filed his First Amended Complaint ("FAC") against Defendant

---

[1] At the time Plaintiff filed this action, Plaintiff was a federal prisoner on supervised release.

Officer Paula Burke ("Defendant"), an employee of the U.S. Probation Office in San Diego, California, alleging Eighth and First Amendment claims pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Doc. No. 18.

## REQUEST FOR APPOINTMENT OF COUNSEL

As a preliminary matter, in his prayer for relief, Plaintiff requests "[a]n attorney to represent [him] in this matter." FAC ¶ 94.

There is no constitutional right to counsel in a civil case. *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). However, this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

As currently pleaded, Plaintiff's FAC demonstrates that while he may not be formally trained in the law, he nevertheless is fully capable of articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1104. Moreover, for the reasons discussed below, the likelihood of his success on the merits is not at all yet clear at this preliminary stage of the proceedings. *See id.* at 1103. Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *See Terrell*, 935 F.2d at 1017. Therefore, the Court **DENIES** Plaintiff's request for appointment of counsel **without prejudice**.

/ / /

/ / /

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

**1. Legal Standard**

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id.* In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of the plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

The Court is not only allowed to, but is required to screen IFP complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000); *Ogunniyi v. Sw. Reg'l Maint.*

*Ctr.*, No. 14CV2904 BEN (NLS), 2015 WL 10857499, at *1 (S.D. Cal. Apr. 30, 2015) ("The *sua sponte* screening is mandatory."). "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

### 2. Analysis

In his FAC, Plaintiff alleges that he has been "diagnosed with idiopathic, Stage Three, Bi-lateral, Avascular Necrosis (AVN)" in both of his hips. FAC ¶ 3. In March 2017, Plaintiff met with an orthopedic surgeon at the University of Mississippi Medical Center, who opined that due to "the progression of the disease in the left hip, the only treatment option [is] a total hip replacement." *Id.* ¶ 12. The doctor further opined that other options may be available "to save the structural integrity of the right hip." *Id.* ¶ 13.

Plaintiff, who was on federal supervised release at the time, sought permission from his U.S. Probation Officer, Shameka Horton, to temporarily move to San Diego, California, for the purpose of obtaining medical treatment, which Plaintiff alleges was not available to him free of charge in Mississippi. *See id.* ¶¶ 40, 36. Officer Horton indicated "she would approve the transfer to San Diego if the U.S. Probation Officer in San Diego would agree to accept supervision." *Id.* ¶ 41. Defendant, an employee of the U.S. Probation Office in San Diego, eventually denied Plaintiff's request to move to San Diego. *See id.* ¶ 54. Plaintiff alleges that Defendant, in a letter to Congressman Scott Peters, indicated she denied Plaintiff's request because "a cursory Google search of [Plaintiff's] condition reveals numerous providers in Mississippi" and "given that there will be undetermined, and potentially significant expenses in relation to his treatment, it does not seem reasonable that the State of California should bear that burden." *Id.* ¶ 56.

Shortly after Defendant denied Plaintiff's request to move, Plaintiff commenced the instant action against the United States of America and the U.S. Probation Office. *See* Doc. No. 1. Plaintiff alleges that after commencing the instant action, Defendant contacted Officer Horton in Mississippi and requested that Officer Horton and the

1  Probation Office in Mississippi "proceed with filing the petition to revoke Atwood's
2  supervised release so as to moot the requests to move to San Diego, moot the lawsuit and
3  mandamus petition, and to moot the motion to transfer supervised release from
4  Mississippi to San Diego." FAC ¶ 65. Plaintiff alleges Defendant told Officer Horton
5  that "San Diego was tired of dealing with Atwood" and that "continuously filing lawsuits
6  was not going to get Atwood anywhere in San Diego or Mississippi[.]" *Id.* ¶ 66.
7  Plaintiff's supervised release was ultimately revoked. *See id.* ¶ 68.

Based on the foregoing, Plaintiff alleges that in denying his request to move to San Diego to obtain treatment and surgery for his AVN disease, "Officer Burke was deliberately indifferent to his medical needs," in violation of the Eighth Amendment. *Id.* ¶ 85. Moreover, Plaintiff alleges Defendant violated the First Amendment by contacting Officer Horton to file a petition to revoke his supervised release "for the purpose of mooting the recently filed legal documents" and with the intent to retaliate against Plaintiff for filing a lawsuit against the United States and the U.S. Probation Office. *Id.* ¶¶ 88, 89. Thus, Plaintiff asserts Eighth and First Amendment claims against Defendant in her individual capacity pursuant to *Bivens*. *See id.* ¶ 2. Plaintiff requests compensatory, nominal, and punitive damages. *See id.* ¶¶ 91-93.

"*Bivens* established that compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331.]" *Butz v. Economou*, 438 U.S. 478, 486 (1978). Although a plaintiff may seek compensatory damages against a federal official in his or her individual capacity, a plaintiff cannot obtain injunctive relief against federal officials sued in their official capacities because such an action is barred by the United States' sovereign immunity. *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

Here, upon careful review of Plaintiff's allegations, the Court finds Plaintiff's Eighth Amendment claim under *Bivens* sufficient to survive screening pursuant to 28

U.S.C. § 1915(e)(2)(B). *See Carlson v. Green*, 446 U.S. 14, 19 (1980) (expanding *Bivens* under the Cruel and Unusual Punishment clause of the Eighth Amendment for failure to provide adequate medical treatment to a prisoner). The validity of a cognizable First Amendment retaliation claim under *Bivens* is far less clear, but the Court nonetheless finds Plaintiff's allegations similarly sufficient to survive screening at this stage of the litigation. *See Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018) (declining to extend *Bivens* remedy against private defendants for alleged violations of the plaintiff's First Amendment right to access to courts, but noting that "[i]n the Ninth Circuit, however, we have previously held that *Bivens* may be extended to First Amendment claims.").[2]

Accordingly, the Court will direct the U.S. Marshal to effect service upon Defendant on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915").

### CONCLUSION AND ORDER

Good cause appearing, the Court:

1. **DENIES** Plaintiff's request to appoint counsel without prejudice;

2. **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's First Amended Complaint (Doc. No. 18) upon Defendant and forward it to Plaintiff along with a blank U.S. Marshal Form 285.[3] In addition, the Clerk of Court will provide Plaintiff

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

[3] Because Plaintiff alleges Defendant is a federal probation officer (*see* FAC ¶ 2), he must also serve the United States. *See* Fed. R. Civ. P. 4(i)(1),(3). The Clerk is hereby directed to include in Plaintiff's IFP package two separate copies of this Order, summons, Plaintiff's FAC, and additional blank USM Form 285s for the Plaintiff's use in serving the United States via the United States Attorney

with a certified copy of this Order, a certified copy of his First Amended Complaint, and the summons so that he may serve Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package. The U.S. Marshal is thereafter directed to serve a copy of the First Amended Complaint and summons upon Defendant as directed by Plaintiff on the USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

     3.    **ORDERS** Defendant, once properly served, to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a); and

     4.    Plaintiff must serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff must also include with the original paper to be filed with the Clerk of Court a certificate stating the manner in which a true and correct copy of any document filed was also served on Defendant, or counsel for Defendant, and the date of such service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

Dated: November 2, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

for the Southern District of California and the Attorney General of the United States in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1)(A)(i),(B).